UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANWAR UL HAQ,<br><br>                          *Petitioner,*<br><br>   – against –<br><br>RAUL MALDONADO, JUDITH<br>ALMODOVAR, TODD M. LYONS,<br>AG PAMELA BONDI,<br><br>                       *Respondents.* | **MEMORANDUM & ORDER**<br>26-cv-01430 (RPK) |

**NATASHA C. MERLE**, United States District Judge:

On January 13, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained petitioner Anwar Ul Haq. Verified Pet. for Writ of Habeas Corpus ("Petition") ¶ 2, ECF No. 1. Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶ 3; *see also* Resp'ts Letter dated Mar. 20, 2026 ("Response") 2,[1] ECF No. 10. He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. ¶ 11. For the reasons discussed below, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a native citizen of Afghanistan who crossed the border without inspection on March 22, 2023. Pet. ¶ 1; *see also* Decl. of Crystal Harris ¶ 3, ECF No. 7-1. He was arrested by U.S. Customs and Border Patrol ("CBP") shortly thereafter and placed in removal proceedings. Resp. 2. On May 2, 2023, petitioner was paroled into the United

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

States and released from ICE custody. Resp. 2. Petitioner's parole expired one year later. Resp. 2. Petitioner was then issued a Notice to Appear before an immigration judge with the Executive Office for Immigration Review ("EOIR"), recommencing removal proceedings and charging petitioner as a noncitizen subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Resp. 2; Harris Decl. ¶ 5.

On January 13, 2026, petitioner was arrested by ICE after he reported to immigration court. *See* Resp. 2; *see also* Harris Decl. ¶ 7. Petitioner was not given a bond hearing, and he has remained in respondents' custody at the MDC ever since. Pet. 1–2; Resp. 2. An individual merits hearing in petitioner's removal proceedings has been scheduled for March 25, 2026. Harris Decl. ¶ 6.

On March 11, 2026, petitioner initiated the instant action by filing for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. 1. In addition to seeking immediate release from custody or a bond hearing, petitioner also sought an Order enjoining respondents from moving him outside this District while the Petition was pending. Appl. for Issuance of Order to Show Cause ("OTSC Appl."), ECF No. 2. The next day, the Court ordered respondents to show cause ("OTSC") why the Petition should not be granted, and further ordered respondents to respond to petitioner's request for an injunction prohibiting his transfer. See ECF Order dated Mar. 12, 2026. Respondents filed responses to the Court's OTSC, and petitioner filed a reply. *See* Resps. to OTSC, ECF Nos. 6, 7; Pet.'s Reply in Supp. of Pet., ECF No. 8.

On March 19, 2026, District Judge Rachel Kovner referred the Petition to the undersigned as the Miscellaneous Duty Judge for the week of March 22, 2026. *See* ECF Order dated Mar. 19, 2026. The same day, the Court issued an order preserving its jurisdiction, and directing respondents to address whether the instant petition is

controlled by the Court's prior opinions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), and *Terrero v. Tsoukaris*, No. 26-cv-00869 (E.D.N.Y. Mar. 4, 2026). Order 3, ECF No. 9. Respondents filed a letter-response the following day which discussed the Court's prior decisions in *Crespo* and *Y-C-*. Resp. 2–3. Respondents stated that it is their position that petitioner's detention is subject to 8 U.S.C. § 1225(b)(2)(A). Resp. 2. Nevertheless, respondents explain that while they "disagree with the Court's decisions in *Crespo Tacuri* and *Y-C-*, they acknowledge that those decisions would control the result in this case" because "[pe]titioner's detention is based on [respondent's] position as to the scope of 8 U.S.C. § 1225(b)," which the Court rejected in materially indistinguishable circumstances in *Crespo* and *Y-C-*. *See* Resp. 3. Accordingly, respondents "respectfully submit that the Court can decide this matter without a hearing." Resp. 3.

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).[2] Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, No. 25-cv-06065, 2025 WL 3314420,

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

at \*8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

### DISCUSSION

Petitioner contends, among other things, that he is being detained in violation of the Due Process Clause of the Fifth Amendment.[3] Pet. 5–6. Respondents argue that the "central legal issue[]" dispositive as to petitioner's claim is ICE's statutory detention authority. Resp. 1. Respondents concede that their "position as to the scope" of ICE's statutory detention authority was previously rejected by this Court in *Crespo Tacuri* and *Y-C-*, and they do not meaningfully raise new arguments as to the instant Petition aside from noting that their position has been adopted and affirmed by courts within the Second and Fifth Circuits. Resp. 3 n.3.[4] Accordingly, for the reasons stated by this Court in *Crespo Tacuri* and *Y-C-*, which are incorporated here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment. *See Y-C-*, 2025 WL 3653496, at \*7; *Crespo Tacuri*, 2026 WL 35569, \*7; *Terrero*, No. 26-cv-00869 (E.D.N.Y. Mar. 4, 2026), ECF No. 19; *see also Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at \*2. "Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy

---

[3]    The Court does not reach petitioner's claim arising under the Administrative Procedure Act. Pet. 7–8.

[4]    For this reason, and for the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing before this Court in *Crespo Tacuri* and *Y- C-*. *See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at \*3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the Due Process Clause. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and to file a letter on the docket no later than 9:00 a.m. on March 24, 2026 certifying their compliance. For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of the [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Should petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

        **SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge
Acting Miscellaneous Duty Judge

Dated:      March 23, 2026
               Brooklyn, New York